Genoveva **VAZQUEZ–OCASIO,**
**Plaintiff,**

v.

**HOSPITAL HERMANOS MELENDEZ, INC., et al., Defendants.**

**Civil No. 08–1138 (FAB).**

United States District Court,
D. Puerto Rico.

March 9, 2009.

318

Roberto Lefranc–Morales, Martinez Alvarez, Menendez Cortada & Lefranc Romero PSC, San Juan, PR, for Plaintiff.

Luis G. Martinez–Llorens, Benito I. Rodriguez–Masso, Benito I. Rodriguez Masso Law Office, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

This case was filed on January 31, 2008. (Docket No. 1) An Amended Complaint was filed on February 8, 2008. (Docket No. 2) Defendants were served and answered. (Docket Nos. 13, 14 and 15) in its answer to the Amended Complaint, defendant Hospital Hermanos Melendez raised the affirmative defense that the complaint was time-barred. (Docket No. 15, Affirmative Defense No. 2) On February 18, 2009, Hospital Hermanos Melendez filed a Motion for Summary Judgment requesting that the case be dismissed because it is time-barred. (Docket No. 31)

■ It is undisputed that tort actions such as the one in this case have a prescriptive period of one year, which runs from the date the injured party acquired knowledge of the negligent act or omission and who was responsible for it. Laws of P.R. Ann., tit. 31, § 5298(2). This prescriptive period can be tolled extrajudicially. Laws of P.R. Ann., tit. 31, § 5303; *Sánchez Montalvo v. Autoridad de los Puertos*, 153 D.P.R. 559, 567 (2001). Once the prescriptive period is tolled extrajudicially, it begins to run again in its entirety. *Id.* at 568.

It is undisputed that Marcelino Perez–Corchado died on February 1, 2006; allegedly it was due to medical practice by the defendants. (Docket Nos. 1, 2, 31 (Exh. 1(c)), 32 (¶¶ 3, 4)). It is also undisputed that plaintiffs interrupted the one-year prescriptive period extrajudicially by sending a letter to Hospital Hermanos Melendez on January 30, 2007 (Docket Nos. 31, Exhs. 1(d), 32, ¶ 5).

The Supreme Court of Puerto Rico has held that an extrajudicial claim interrupts the prescriptive period if it reaches its destination. *Hawayek v. A.F.F.*, 123 D.P.R. 526, 530 (1989). Plaintiffs claim that because the letter their attorney sent on January 31, 2007 as an extrajudicial claim reached its destination on February 1, 2007, the prescriptive period began to run again on that date, and the filing of the complaint on January 31, 2008 was within the prescriptive period. On the other hand, defendant Hospital Hermanos Melendez argues that the prescriptive period began to run anew on January 30, 2007 (the date of the letter), and that the filing of the complaint on January 31, 2008 was outside the prescriptive period by one day. Therefore, defendants argue that the action is time-barred and should be dismissed.

■ Mailing of a letter including an extrajudicial claim creates a presumption that it reached its destination. *Id.*, at 531. The defendant has not shown that the letter mailed by plaintiffs' counsel did not

reach its destination, *id.*, but plaintiffs have indicated that the letter reached its destination, Hospital Hermanos Melendez, on February 1, 2007.[1] (Docket No. 32, Appendix para. f) The fact that the letter was received by Hospital Hermanos Melendez, however, does not help plaintiffs' argument. In *Hawayek*, which plaintiffs themselves cite, the Supreme Court indicates that "if the letter of November 20, 1966 interrupted the prescriptive period, a new period would begin to be counted which would end on November 20, 1967." *Id.*, at 530 (Court's translation). Similarly, in this case, because the letter was mailed on January 30, 2007, the new prescriptive period would end on January 30, 2008. Because the complaint in this case was filed on January 31, 2008, it was filed one day after the end of the new prescriptive period and is time-barred.

Because the cause of action is time-barred, defendants Hospital Hermanos Melendez's motion for summary judgment (Docket No. 31) is **GRANTED** and this case is **DISMISSED.** Judgment shall be entered accordingly.[2]

**IT IS SO ORDERED.**

---

1. The Court may disregard that fact because it is not supported by a specific citation to record material. Loc.Civ.R. 56(e). The Court will consider it, however, because it does not affect its final analysis.

2. Defendant Dr. Angel Arizmendi also raised the affirmative defense that the action is time-barred. (Docket No. 14, Affirmative Defense No, 10) There is nothing in the record showing that the prescriptive period against him was tolled extrajudicially. Even if the letter sent to the hospital interrupts the prescriptive period as to Dr. Arizmendi as a joint and several tortfeasor, the action against him would be time-barred also for the reasons it is time-barred against the hospital.